**NOT FOR PUBLICATION**

```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
                     CAMDEN VICINAGE
```

| | | |
|---|---|---|
| **BARRY WILLIAM GEWIN,** | : | |
| | : | Civ. Action No. 17-5325 (RMB) |
| Petitioner | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| | : | |
| **DAVID E. ORTIZ,** | : | |
| | : | |
| Respondent. | : | |

**BUMB**, District Judge:

Petitioner Barry William Gewin,[1] a prisoner incarcerated in FCI Fort Dix,[2] filed this petition for habeas corpus relief under

---

[1] The Court takes judicial notice of U.S. v. Gewin, 759 F.3d 72 (D.C. Cir. 2014) cert. denied 135 S.Ct. 1866 (2015). See Federal Rule of Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.") Petitioner was indicted in 2003 for securities and wire fraud, and conspiracy to commit securities and wire fraud. Id. at 75. He was convicted and sentenced to a nine-year term of imprisonment, and ordered to pay almost two million dollars in restitution. Id. at 74. In September 2007, the U.S. District Court for the District of Columbia suspended Petitioner's original sentence but held him in civil contempt for failing to pay restitution. Id. Petitioner was incarcerated for contempt for five years before challenging his contempt status. Id. at 75. On July 25, 2014, the D.C. Circuit Court affirmed the District Court, and Petitioner remained incarcerated for civil contempt. Id.

[2] Petitioner gave the Court an address for a private residence in Enon Valley, Pennsylvania, but the Federal Bureau of Prisons Inmate Locator indicates that Petitioner is incarcerated in FCI

28 U.S.C. § 2241 on July 21, 2017. (ECF No. 1.) Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to 28 U.S.C. § 2241 through Rule 1, scope of the rules, provides, in relevant part:

> The judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

28 U.S.C. § 2241 provides, in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless—
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

A petition under § 2241 is primarily used by a federal prisoner to challenge the manner in which a sentence is executed. Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).

Here, the petition is a 96-page nonsensical rant in which Petitioner appears to challenge the authority of any U.S. Court to convict and sentence him. (ECF No. 1 at 3-4.) The petition does not present any cognizable challenge to the execution of

---

Fort Dix. *See* FBOP Inmate Locator, available at https://www.bop.gov/inmateloc/

2

Petitioner's sentence. The Court dismisses the petition as frivolous.

An appropriate order follows.

Date: October 6, 2017       s/Renée Marie Bumb
                            **RENÉE MARIE BUMB**
                            **United States District Judge**